HONORABLE BRIAN D. LYNCH

HEARING DATE: WEDNESDAY, MAY 29, 2013
HEARING TIME: 9:00 A.M.
LOCATION: TACOMA, COURTROOM I
RESPONSE DUE: AT TIME OF HEARING

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

MERIDIAN SUNRISE VILLAGE, LLC,

    Debtor.

---

MERIDIAN SUNRISE VILLAGE, LLC,

    Plaintiff,

v.

NB DISTRESSED DEBT INVESTMENT FUND LIMITED; STRATEGIC VALUE SPECIAL SITUATIONS MASTER FUND II, L.P.; BANK OF AMERICA NATIONAL ASSOCIATION; and U.S. BANK NATIONAL ASSOCIATION,

    Defendants.

BANKRUPTCY NO. 13-40342

ADVERSARY NO. 13-04225

DECLARATION OF MICHAEL CORLISS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER

MICHAEL CORLISS declares as follows:

1.     I am the Chief Executive Officer of Investco Financial Corporation, Manager of Meridian Sunrise Village, LLC ("Debtor"), debtor-in-possession herein. Capitalized terms herein

DECLARATION OF MICHAEL CORLISS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER – Page 1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 ye2248063f
Case 13-04225-BDL   Doc 3   Filed 05/23/13   Ent. 05/23/13 15:22:23   Pg. 1 of 2

1 have the same meaning set forth in the Motion for Preliminary Injunction or Temporary Restraining

2 Order ("Motion") unless otherwise indicated.

3     2. I was involved in the negotiation of the Primary Loan on behalf of the Debtor.

4     3. Years prior to the negotiation of the Primary Loan, I was involved in a transaction as a

5 borrower on a loan from a commercial bank. Notwithstanding the bank's oral commitment to me that

6 it would not sell its loan interest to a non-institution lender, it did so. My subsequent experience with

7 the non-institutional lender was negative.

8     4. At the time of negotiation of the Primary Loan, the Debtor had had a lending

9 relationship with US Bank on a number of loans where U.S. Bank was the only lender. Those loans

10 did not have prohibitions on assignment because, based upon my relationship with U.S. Bank, I was

11 fairly confident the loans would not be assigned. With respect to the Primary Loan, we knew up front

12 that U.S. Bank intended to assign portions of the loan to other lenders with whom we might not have a

13 lending relationship.

14     5. Based on my prior experience with the note sale to a non-institutional lender, we

15 specifically negotiated the inclusion of Section 13.2 into the Loan Agreement.

16     6. I declare under penalty of perjury under the laws of the state of Washington that the

17 foregoing is true and correct.

18     DATED this 23rd day of May, 2013.

                                        /s/ Michael Corliss
                                      Michael Corliss

DECLARATION OF MICHAEL CORLISS IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION OR
TEMPORARY RESTRAINING ORDER – Page 2

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 ye2248063f
Case 13-04225-BDL    Doc 3    Filed 05/23/13    Ent. 05/23/13 15:22:23    Pg. 2 of 2