HONORABLE BRIAN D. LYNCH

HEARING DATE: WEDNESDAY, MAY 29, 2013
HEARING TIME: 9:00 A.M.
LOCATION: TACOMA, COURTROOM I
RESPONSE DUE: AT TIME OF HEARING

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

MERIDIAN SUNRISE VILLAGE, LLC,

    Debtor.

---

MERIDIAN SUNRISE VILLAGE, LLC,

    Plaintiff,

v.

NB DISTRESSED DEBT INVESTMENT FUND LIMITED; STRATEGIC VALUE SPECIAL SITUATIONS MASTER FUND II, L.P.; BANK OF AMERICA NATIONAL ASSOCIATION; and U.S. BANK NATIONAL ASSOCIATION,

    Defendants.

BANKRUPTCY NO. 13-40342

ADVERSARY NO. 13-04225

DECLARATION OF MARTIN WAISS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER

MARTIN WAISS declares as follows:

1.    I am the President of Investco Financial Corp, the Manager of Meridian Sunrise Village, LLC ("Debtor"), debtor in possession herein. I have personal knowledge of the facts set forth herein and I am competent to testify to the same.

DECLARATION OF MARTIN WAISS IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION OR
TEMPORARY RESTRAINING ORDER – Page 1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 ye23ee069x
Case 13-04225-BDL   Doc 4   Filed 05/23/13   Ent. 05/23/13 15:40:26   Pg. 1 of 5

2. The Debtor owns Sunrise Village, a shopping center in Puyallup's South Hill neighborhood (the "Project").

3. Prior to the Petition Date, the Debtor entered into a construction loan (the "Primary Loan") with U.S. Bank to provide funding to construct the Project. The terms and conditions of the Primary Loan are evidenced by, among other things, a Loan Agreement dated as of April 4, 2008 ("Loan Agreement"). Attached hereto as Exhibit A is a true copy of the Loan Agreement.

4. The Primary Loan is secured by the Project and is guaranteed by Evergreen Capital Trust ("Guarantor").

5. Shortly after it originated the Primary Loan, and as contemplated under the provisions of the Loan Agreement, U.S. Bank sold and assigned portions of the Primary Loan to three other lenders pursuant to an Assignment and Assumption Agreement that was entered into with each such lender. Attached hereto as Exhibit B are true copies of the assignment documents.

6. U.S. Bank is the administrative agent for the Lender Group with respect to the Primary Loan (in such capacity, the "Administrative Agent").

7. As of the Petition Date, the outstanding principal balance of the Primary Loan was approximately $54,780,000.

8. In early 2012, the Lender Group put Debtor into default based on a non monetary default, however, it did not elect to charge default interest, which would be an additional $250,000 per month.

9. For a number of months, the Debtor worked with US Bank, as the Administrative Agent for the Lender Group to find a way to solve the issues with respect to the Primary Loan.

DECLARATION OF MARTIN WAISS IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION OR
TEMPORARY RESTRAINING ORDER – Page 2

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 ye23ee069x
Case 13-04225-BDL    Doc 4    Filed 05/23/13    Ent. 05/23/13 15:40:26    Pg. 2 of 5

10. At the request of the Lender Group, the Debtor retained the consulting firm of Capstone Advisory Group, LLC ("Capstone"). Capstone was to review the Project and make recommendations to the Lender Group with respect to its potential options.

11. Capstone duly completed its work and made its recommendations to the Lender Group, including the option of selling the Primary Loan.

12. Attached hereto as Exhibit C is a true copy of an October 12, 2012 email from Andrew Manley of Capstone to me. The Lender Group had not advised the Debtor of its efforts to sell the Primary Loan prior to our receipt of this email.

13. Shortly thereafter, U.S. Bank contacted the Debtor seeking a waiver by the Debtor of the restrictions in Section 13.2 of the Loan Agreement with respect to Eligible Assignees. According to U.S. Bank, the restrictions were hampering its ability to sell the Primary Loan.

14. Attached hereto as Exhibit D is a true copy of an October 30, 2012 email from U.S. Bank's counsel to the Debtor's counsel and the attached documents (the "Sixth Amendment").

15. Attached hereto as Exhibit E is a true copy of the November 6 email from U.S. Bank's counsel to the Debtors counsel which clearly illustrates the difference in the definition of Eligible Assignee as well as the fact that the Administrative Agent was "very anxious" to get it executed.

16. Over the next month, the Debtor and U.S. Bank, directly and through counsel, had numerous discussions regarding the proposed Sixth Amendment and the Debtor's objections thereto.

17. Entities such as a commercial banks, insurance companies, financial institutions and institutional lenders are generally in the business of originating loans and establishing relationships with their borrowers. In contrast, investors that purchase loans, often at a discount, likely have very different goals. Predatory investors purchase discounted distressed loans with the direct objective of quickly obtaining control of the underlying collateral in order to liquidate for a rapid repayment. The

DECLARATION OF MARTIN WAISS IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION OR
TEMPORARY RESTRAINING ORDER – Page 3

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 ye23ee069x
Case 13-04225-BDL    Doc 4    Filed 05/23/13    Ent. 05/23/13 15:40:26    Pg. 3 of 5

1  Debtor specifically did not want to find itself having to negotiate the fate of the Project with this type
2  of entity.
3      18.    Ultimately, U.S. Bank advised the Debtor that, unless it executed the Sixth
4  Amendment, the Lender Group intended to take action to enforce its rights, notwithstanding that the
5  Debtor was in full compliance of its monetary commitments.
6      19.    The Debtor refused to execute the Sixth Amendment because of the provision which
7  materially altered the definition of Eligible Assignee to eliminate any restrictions on who the Primary
8  Loan could be assigned to.
9      20.    Attached hereto as Exhibit F is a true copy of a January 9, 2013 letter from the Lender
10 Group to the Debtor. The Debtor received no prior notice of the Lender Group's intent to charge
11 default interest. Debtor understood that this action was taken by the Lender as a result of the Debtor's
12 and its guarantor's refusal to execute the Sixth Amendment.
13     21.    The Debtor's Chapter 11 filing was precipitated by the Lender Group's decision to
14 charge default interest based upon the Debtor's refusal to sign the Sixth Amendment.
15     22.    Attached hereto as Exhibit G is a true copy of a March 25, 2013 email from the
16 Administrative Agent. This was the first time the Debtor learned of the assignment by B of A of its
17 portion of the Primary Loan to NB Distressed Debt Investment Fund Limited ("NB Distressed
18 Assignment").
19     23.    Attached hereto as Exhibit H is a true copy of an April 2, 2013 email from the
20 Administrative Agent. This was the first time the Debtor learned of the assignment by NB Distressed
21 of a portion of its interest in the Primary Loan to Strategic Value ("Strategic Value Assignment").

DECLARATION OF MARTIN WAISS IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION OR
TEMPORARY RESTRAINING ORDER – Page 4

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 ye23ee069x

Case 13-04225-BDL    Doc 4    Filed 05/23/13    Ent. 05/23/13 15:40:26    Pg. 4 of 5

24. The Debtor immediately advised the Administrative Agent that it did not consent to the assignments. Attached hereto as Exhibit I is a true copy of an email from the Debtor's counsel to counsel for the Administrative Agent.

25. U.S. Bank, as the Administrative Agent, and the Lender Group at all times knew that the Eligible Assignee provision was material to the Debtor and its guarantor.

26. I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 23rd day of May, 2013.

/s/ Martin Waiss
Martin Waiss

DECLARATION OF MARTIN WAISS IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION OR
TEMPORARY RESTRAINING ORDER – Page 5

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 ye23ee069x