HONORABLE BRIAN D. LYNCH

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

MERIDIAN SUNRISE VILLAGE, LLC,

              Debtor.

---

MERIDIAN SUNRISE VILLAGE, LLC,

              Plaintiff,

v.

NB DISTRESSED DEBT INVESTMENT FUND LIMITED; N.B. DISTRESSED MASTER FUND, L.P; STRATEGIC VALUE SPECIAL SITUATIONS MASTER FUND II, L.P.; BANK OF AMERICA NATIONAL ASSOCIATION; and U.S. BANK NATIONAL ASSOCIATION,

              Defendants.

BANKRUPTCY NO. 13-40342

ADVERSARY NO. 13-04225

AMENDED COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF

Meridian Sunrise Village, LLC ("Debtor" or "Plaintiff"), alleges as follows:

**PARTIES**

AMENDED COMPLAINT SEEKING INJUNCTIVE AND
DECLARATORY RELIEF – Page 1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1. Plaintiff is a limited liability company organized and existing under the laws of the state of Washington.

2. On information and belief, defendant N.B. Distressed Fund Limited ("NB Distressed") is a foreign company organized under the laws of the Bailiwick of Guernsey and doing business in the Western District of Washington.

3. On information and belief, to N.B. Distressed Master Fund, L.P. ("NBLP") is a foreign company organized under the laws of the Bailiwick of Guernsey and doing business in the Western District of Washington.

4. On information and belief, Strategic Value Special Situations Master Fund II, L.P. ("Strategic Value") is a foreign limited partnership organized under the laws of the Cayman Islands and doing business in the Western District of Washington.

5. Bank of America, N.A. ("B of A") is a national banking association doing business in the Western District of Washington.

6. U.S. Bank National Association ("US Bank") is a national banking association doing business in the Western District of Washington.

## JURISDICTION

7. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

## FACTS

8. On January 18, 2013 ("Petition Date"), the Debtor filed a voluntary petition commencing a case (the "Bankruptcy Case") under Chapter 11 of the Bankruptcy Code. No trustee has been appointed and the Debtor remains as debtor in possession in the Bankruptcy Case.

AMENDED COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF – Page 2

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 yf18261354
Case 13-04225-BDL    Doc 40    Filed 06/18/13    Ent. 06/18/13 14:11:12    Pg. 2 of 6

9. Prior to the Petition Date, the Debtor entered into a construction loan (the "Primary Loan") with U.S. Bank to provide funding to construct a shopping center in Pierce County, Washington. The terms and conditions of the Primary Loan are evidenced by, among other things, a Loan Agreement dated as of April 4, 2008 ("Loan Agreement").

10. Shortly after it originated the Primary Loan, and as contemplated under the provisions of the Loan Agreement, U.S. Bank sold and assigned portions of the Primary Loan to three other banks pursuant to an Assignment and Assumption Agreement that was entered into with each such bank.

11. Following the completion of such assignments, U.S. Bank held approximately 33.33% of the Primary Loan.

12. Following the completion of the assignments described in Paragraph 10 above, B of A held approximately 26.67% of the Primary Loan.

13. Following the completion of the assignments described in Paragraph 10 above, Citizens Business Bank held 20.00% of the Primary Loan.

14. Following the completion of the assignments described in Paragraph 10 above, Guaranty Bank & Trust Company held 20.00% of the Primary Loan.

15. U.S. Bank, B of A, Citizens Business Bank and Guaranty Bank & Trust Company are collectively referred to herein as the "Lender Group." U.S. Bank is the administrative agent for the Lender Group with respect to the Primary Loan (in such capacity, the "Administrative Agent").

16. As of the Petition Date, the outstanding principal balance of the Primary Loan was approximately $54,780,000.

17. Section 13.2 of the Loan Agreement provides that no member of the Lender Group may assign its rights and interests in the Primary Loan to any assignee that is not an "Eligible

AMENDED COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF – Page 3

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 yf18261354

Case 13-04225-BDL    Doc 40    Filed 06/18/13    Ent. 06/18/13 14:11:12    Pg. 3 of 6

Assignee." Under the Loan Agreement, an "Eligible Assignee" is defined as "any Lender or any Affiliate of a Lender or any commercial bank, insurance company, financial institution or institutional lender approved by Agent in writing and, so long as there exists no Event of Default, approved by Borrower in writing, which approval shall not be unreasonably withheld."

18. On March 25, 2013, subsequent to the Petition Date, Debtor was advised by the Administrative Agent that B of A had assigned all its interests in the Primary Loan (the "B of A Interests") to defendant NB Distressed ("NB Distressed Assignment"). The NB Distressed Assignment was made without prior notice to or approval of either the Administrative Agent or the Debtor.

19. Administrative Agent also advised the Debtor at that time that it believed that NB Distressed was an Eligible Assignee and that it intended to provide consent to the assignment.

20. Defendant NB Distressed is not an Eligible Assignee under the Loan Agreement.

21. On April 2, 2013, subsequent to the B of A Assignment, Debtor was advised by Administrative Agent that defendant NB Distressed had assigned one-half of its interests in the Primary Loan to defendant Strategic Value ("Strategic Value Assignment"). The Strategic Value Assignment was made without prior notice to or approval of either the Administrative Agent or the Debtor.

22. Administrative Agent also advised the Debtor at that time that it believed that Strategic Value was and Eligible Assignee and that it intended to provide consent to the assignment.

23. Defendant Strategic Value is not an Eligible Assignee under the Loan Agreement.

24. Administrative Agent has advised Debtor that it has approved and consented to both assignments.

AMENDED COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF – Page 4

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 yf18261354
Case 13-04225-BDL    Doc 40    Filed 06/18/13    Ent. 06/18/13 14:11:12    Pg. 4 of 6

25.     On April 3, 2013, Debtor advised Administrative Agent that it reserved all rights to contest both assignments.

26.     Without notice to the Debtor, NB Distressed also assigned 2.8% of its interest to NBLP ("NBLP Assignment").

27.     Defendant NBLP is not an Eligible Assignee under the Loan Agreement.

## DECLARATORY RELIEF

28.     The Debtor is entitled to entry of judgment declaring that the NB Distressed Assignment, the Strategic Value Assignment and the NBLP Assignment void and in violation of the Loan Agreement.

## INJUNCTIVE RELIEF

29.     The Debtor is entitled to entry of judgment enjoining defendants NB Distressed, Strategic Value and NBLP from exercising or receiving any of the rights, benefits and privileges of an Eligible Assignee under the Loan Agreement.

30.     The Debtor is entitled to entry of judgment directing defendants Strategic Value and NBLP to reassign their interests in the Primary Loan to NB Distressed.

31.     The Debtor is entitled to entry of judgment directing defendant NB Distressed to reassign its interests in the Primary Loan to B of A.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests relief as follows:

A.     Judgment enjoining defendant NB Distressed from exercising any of the rights, benefits and privileges of an Eligible Assignee under the Loan Agreement;

AMENDED COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF – Page 5

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 yf18261354
Case 13-04225-BDL    Doc 40    Filed 06/18/13    Ent. 06/18/13 14:11:12    Pg. 5 of 6

1    B. Judgment enjoining defendant Strategic Value from exercising any of the rights,
2 benefits and privileges of an Eligible Assignee under the Loan Agreement;
3    C. Judgment enjoining defendant NBLP from exercising any of the rights, benefits and
4 privileges of an Eligible Assignee under the Loan Agreement;
5    D. Judgment enjoining defendant US Bank, in its capacity as Administrative Agent, from
6 recognizing and/or dealing with NB Distressed, Strategic Value or NBLP as a member of the Lender
7 Group and/or an Eligible Assignee;
8    E. Judgment declaring that the NB Distressed Assignment, the Strategic Value
9 Assignment and NBLP as null and void;
10    F. Judgment directing B of A, NB Distressed, Strategic Value and NBLP to exercise any
11 and all documents necessary to restore the B of A Interests to B of A; and
12    G. Judgment against each of the defendants for the amount of the Debtor's attorneys' fees
13 and costs in bringing this action.
14    DATED this 18th day of June, 2013.

BUSH STROUT & KORNFELD LLP


By    /s/ Christine M. Tobin-Presser
    Christine M. Tobin-Presser, WSBA #27628
    Attorneys for Meridian Sunrise Village, LLC

AMENDED COMPLAINT SEEKING INJUNCTIVE AND
DECLARATORY RELIEF – Page 6

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104